IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carmen Renae Tooley, | C/A No. 8:18-cv-3352-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On October 17, 2019, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed. ECF No. 16. On October 31, 2019, the Commissioner filed Objections to the Report, and Plaintiff filed a Reply on November 13, 2019. ECF Nos. 18, 19. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

On August 18, 2015, Plaintiff filed an application for SSI, alleging a disability onset date of March 1, 2008. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 31, 2017. The ALJ denied Plaintiff's application in a

2

decision issued March 5, 2018. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

**DISCUSSION**

The Magistrate Judge recommends that the Court reverse the decision of the Commissioner because the ALJ failed to explain how limitations to "no production or fast-pace work; and []work[ing] with the general public occasionally" addressed Plaintiff's moderate difficulties in concentration, persistence, and pace. ECF No. 16 at 19. Defendant objects, arguing that "the ALJ explained exactly what Plaintiff could do, and why; and found that Plaintiff *could* sustain work in the environment the ALJ identified, namely a range of simple, unskilled work without a fast pace." ECF No. 18 at 2. To that end, Defendant characterizes the ALJ's explanation as "exceptional." *Id.*

Defendant argues that the Magistrate Judge erred in finding that the ALJ did not properly discuss Plaintiff's ability to "stay on task or persist." ECF No. 16 at 21. The ALJ found that Plaintiff has moderate limitations in concentration, persistence, or pace, and discussed various opinions and examinations that demonstrated Plaintiff's problems in those areas. *See* Tr. 18 ("On mental status exam in October 2015, [Plaintiff] displayed some concentration problems on serial three subtractions."). However, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except, *inter alia*, "she is able to perform the basic mental demands of competitive, remunerative, unskilled work including the ability to understand, carry out and remember simple instructions; . . . she is limited to no production or fast-pace work; and she can work with the general public occasionally." Tr. 20.

3

As the Magistrate Judge notes, "several cases in this district and in other districts within the Fourth Circuit have found a limitation to simple, unskilled work is insufficient to address moderate limitations in concentration, persistence, and pace absent further explanation." ECF No. 16 at 17–18 (citing cases). Defendant's specific objection about the Magistrate Judge's finding that the ALJ did not properly discuss Plaintiff's ability to "stay on task or persist" is dealt with comprehensively by the Report's well-reasoned discussion of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The ALJ has the duty to fully explain how Plaintiff's moderate limitations in concentration, persistence, and pace are accounted for in the RFC. Here, the ALJ did not address Plaintiff's ability to stay on task or persist or discuss how often Plaintiff might miss work or be off task during the work day.[1] When the ALJ makes a finding that Plaintiff has moderate mental limitations like those in this case, the ALJ is required to fully explain its determination in light of case specific facts related to Plaintiff. As the Magistrate Judge found, such an explanation is missing in this case, and the Court will not attempt to supply one. Accordingly, the Court cannot find that the ALJ's RFC determination is supported by substantial evidence.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **REVERSES** the decision of the Commissioner. The Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] The Commissioner also notes in his objections: "To the extent the [Report] suggests that it could not perform its judicial review function given the ALJ's use of 'no production work' in the mental RFC finding, this was also error." ECF No. 18 at 7. The Magistrate Judge did not independently recommend remand on the basis of the ALJ's inclusion of "no production or fast-pace work" in the RFC, *see* Tr. 20; instead, the Magistrate Judge recommended remand based on the failure of the ALJ to explain how Plaintiff's moderate mental limitations are accounted for in the RFC.

IT IS SO ORDERED.

                                                                                                   s/ Donald C. Coggins, Jr.
                                                                                                   United States District Judge

March 31, 2020
Spartanburg, South Carolina